I agree with the decision of the majority which sustains the sole assignment of error of the appellant and finds that the trial court wrongly placed the burden of proof on the non-moving party. I agree that the moving party (in this case the appellee) has the burden of going forward with evidence that establishes that a change of legal custody, from the Department of Human Services to the moving party, is in the best interest of the child. I also agree that the moving party must prove his case by a preponderance of the evidence to prevail. However, I write separately to indicate why I disagree with the argument presented by the appellant that the appellee must prove his case by clear and convincing evidence to prevail. The appellant relies on two (2) cases in arguing that the burden of proof on the movant is by clear and convincing evidence. The first case is In Re Patterson (1984), 475 N.E.2d 160. The Patterson court relies on Rule 29(E)(4) of the Ohio Rules of Juvenile Procedure in determining that a party seeking modification of a dispositional custody order must prove by clear and convincing evidence that the modification is in the best interest of the child. I find that reliance is misplaced. I do concede that Rule 29(E)(4) does state that the Court shall determine the issues in dependency, neglect and abuse cases by clear and convincing evidence, but Rule 29 applies to adjudicatory hearings and not dispositional hearings. The second case relied upon by the appellant is In Re Pryor (1993), 620 N.E.2d 973. However, the court in Pryor was not examining the weight of the evidence question on appeal. The clear and convincing language appears in Pryor on page 975 when the court states, "[f]indings of fact and conclusions of law issued by the [trial] court expressly state '[t]hat as between Galen Keith Dennison and Charles Taylor it has been proven by clear and convincing evidence that it would be [in the] best interest of Paulina . . . for legal custody to be awarded to . . . Dennison.'" The law specifically sets forth that the clear and convincing evidence burden must be met by the State when it is trying to establish that a child is abused, neglected or dependent, trying to obtain permanent custody of a child (O.R.C. 2151.414(B) and Santosky v. Kramer (1982), 455 U.S. 745, 102 S. Ct. 1388, 71 LEd 2d 599), trying to obtain long term foster care of a child (2151.415(C)(1) and2151.353(5)) or trying to extend temporary custody with the State for beyond one year (2151.415(D)(1)). I do not find in the law that the clear and convincing evidence standard is necessary when a parent is trying to modify an order of temporary custody from the State to the parent. In the 1986 case of In Re Willmann, 24 Ohio App.3d 191, the court, in its syllabus, states "[i]n an action seeking temporary custody of a child who is alleged to be a 'dependent child' pursuant to Revised Code 2151.04(C), the standard of proof in the adjudicatory portion of the proceedings is by clear and convincing evidence and the standard of proof in the dispositional portion of the proceedings is by a preponderance of the evidence. (R.C. 2151.35
and Juv. R. 29(E)(4) applied.)" I am cognizant that there may be a good public policy argument for requiring that a parent who seeks to gain custody of his and/or her child from the county Department of Human Services (or similar agency) after the county Department of Human Services has obtained temporary custody as the result of a finding of abuse, neglect or dependency must establish by clear and convincing evidence that the change of custody is in the child's best interest. However, there are instances where the parent seeking custody was not involved in the actions which comprise the dependency, neglect or abuse finding. In addition, I just do not find that the clear and convincing evidence standard of proof is required in the law.